William P. Reiley, Esq.
Attorney ID No. 128872014
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ  08054
Telephone: 856.761.3400
Facsimile: 856.761.1020
Email: reileyw@ballardspahr.com

*Attorneys for Defendant,*
*Capital One, N.A.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLEIRY E. ROMERO-ADAMES, | Civ. Action No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | Removed Proceeding: |
| WORDEN & ASSOCIATES, LLC AND CAPITAL ONE BANK (U.S.A), N.A., | New Jersey Superior Court Law Division Atlantic County Case No. L-002998-25 |
| Defendants. | |

## DEFENDANT CAPITAL ONE BANK, N.A.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Capital One, N.A. (erroneously sued as "Capital One Bank (U.S.A.), N.A.") ("Capital One") respectfully submits this Notice of Removal of a case from the Superior Court of New Jersey, Law Division, Atlantic County (the "State Court"), bearing case number L-002998-25, which Notice is based on the following:

1.     On October 31, 2025, plaintiff Gleiry E. Romero-Adames ("Plaintiff") commenced a civil action against Capital One and Defendant Worden & Associates, LLC ("Worden") styled as *Gleiry E. Romero-Adames v. Worden & Associates, LLC, et al.*, Case No. L-002998-25, in the State Court.  True and correct copies of the Complaint (the "Initiating Documents") are appended as **Exhibit A**.

2.      The Summons and Complaint was not properly served on Capital One.  Despite not effectuating proper service, on December 17, 2025, Plaintiff requested an entry of default. Thereafter, on the same day, the Clerk of the State Court entered default against Capital One.

3.      The documents attached hereto as Exhibit B are the filings by Plaintiff to expedite the court date, proofs of service, request for entry of default, entries of default against Capital One and Worden, the notice of appearance of Worden's counsel, and Plaintiff's motion for default judgment.  Exhibits A and B constitute all of the process, pleadings, and orders filed in this case to date and no other documents relating to this action have been provided to Capital One.

4.      This Notice is timely because Capital One has yet to be properly served with process.  *See* 28 U.S.C. 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that 30-day removal period is triggered by formal service).

5.      Concurrent with this filing, Capital One is serving its Notice of Removal on Plaintiff and filing a copy with the State Court.

6.      Capital One has not been served and has therefore filed an Answer or other pleading in the State Court.

## VENUE

7.      Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey, Camden Vicinage, is the proper venue for removal because it embraces the place where this action is pending in Atlantic County, New Jersey.

## THE COMPLAINT

8.      Plaintiff asserts five (5) causes of action against Capital One: (i) breach of contract; (ii) negligence and breach of fiduciary duty; (iii) alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); (iv) alleged violation of the Fair Debt Collection Practices Act

2

("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and (v) alleged violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.  See* Ex. A, Compl., ¶ 1.  All of Plaintiff's claims arise from the alleged failure to resolve consumer disputes and furnishing of credit information regarding Plaintiff's account(s) with Capital One. *See generally*, Compl.

## FEDERAL QUESTION JURISDICTION

9.      Removal of this matter is proper under 28 U.S.C. § 1331, which provides that federal courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," because Plaintiff asserts in her Complaint claims arising out of federal law, namely, the FCRA, 15 U.S.C. § 1681s-2(b) and the FDCPA, 15 U.S.C. § 1692, *et seq.*

10.      Federal question jurisdiction is available in actions involving state law claims where those claims necessarily involve the resolution of underlying disputed questions of federal law.  *See, e.g., Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315-16 (2005) (recognizing that federal question jurisdiction "will lie over state-law claims that implicate significant federal issues.").

11.      This Court has supplemental jurisdiction over the state-law claims asserted herein by Plaintiff.  28 U.S.C. § 1367(a).

## PROCEDURAL REQUIREMENTS

12.      This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

13.      Upon information and belief, Worden has not been properly served, and therefore, its consent is not required.  *See* 28 U.S.C. § 1446(b)(2)(A) (all defendants "properly joined and served" must join or consent to removal); *see also Aycox v. City of Elizabeth*, No. 08-751, 2008

3

U.S. Dist. LEXIS 37585, at *8 (D.N.J. May 6, 2008) (explaining that consent to removal to federal court not required where non-removing defendant was not properly served).

14. Despite consent not being required, Worden consents to the removal of this action.

15. Moreover, this Notice of Removal is timely as the thirty (30) day time period set forth in 28 U.S.C. § 1446(b)(1) has not yet expired as Capital One has not been properly served.

16. As required by 28 U.S.C. § 1446(d), copies of this Notice will be served upon all parties of record and filed with the State Court.

17. By filing this Notice of Removal, Capital One does not waive its right to assert any defense to Plaintiff's claims, including, without limitation, those relating to service of process, personal jurisdiction, and/or failure to state a claim upon which relief may be granted. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

**WHEREFORE**, notice is given that the action is removed from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey, Camden Division.

Dated: January 15, 2026 Respectfully submitted,

/s/ *William P. Reiley*
William P. Reiley, Esq.
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
T: (856) 761-3400
F: (856) 761-1020
reileyw@ballardspahr.com

*Attorneys for Defendant*
*Capital One, N.A.*

4