# EXHIBIT A

Except7 1112250166

## GLEIRY E. ROMERO-ADAMES
359 Washington Ave
Egg Harbor City, NJ 08215
(609) 271-0083
gradames17@gmail.com

**Date:** 10/31/2025

*To:*
*Capital One Bank (USA), N.A.*
*P.O. Box 30285*
*Salt Lake City, UT 84130-0285*

*Re: Civil Complaint – Romero-Adames v. Worden & Associates, LLC and Capital One Bank (USA), N.A.*

*Dear Capital One,*

*Please find enclosed a copy of the Verified Complaint filed in the Superior Court of New Jersey, Atlantic County Law Division – Civil Part. This matter concerns your institution's role in the sale and continued reporting of a substantially paid account, despite active dispute and settlement efforts.*

*I trust this will prompt a thorough review and appropriate response. Thank you for your attention.*

*Respectfully,*
**Gleiry Romero-Adames**

cc: Clerk of the Court
Superior Court of New Jersey
Atlantic County Law Division – Civil Part
1201 Bacharach Blvd.
Atlantic City, NJ 08401

Except7 1112250167

**GLEIRY E. ROMERO-ADAMES**
359 Washington Ave
Egg Harbor City, NJ 08215
(609) 271-0083
gradames17@gmail.com
**Date:** 10/31/2025

**Clerk of the Court**
Superior Court of New Jersey
Law Division Atlantic County – Civil Part
1201 Bacharach Blvd., Atlantic City, New Jersey 08401

**Re: Civil Complaint – Gleiry E. Romero-Adames v. Worden & Associates, LLC and Capital One Bank (USA), N.A.**

Dear Clerk of the Court,

Please find enclosed for filing the following documents in support of my civil complaint against Worden & Associates, LLC and Capital One Bank (USA), N.A.:

1. **Verified Complaint and Demand for Jury Trial**

2. **Civil Case Information Statement**

3. **Certification of Service**

This complaint arises from contractual breaches, consumer fraud, and violations of federal credit and debt collection laws, resulting in financial harm and emotional distress. I respectfully request that the matter be docketed and processed accordingly.

Please do not hesitate to contact me at the number or email above if additional documentation or clarification is required.

Thank you for your attention to this matter.

Sincerely,

**Gleiry Romero-Adames**

Except7 1112250168

Plaintiff Filing Information:
Name: **GLEIRY E. ROMERO-ADAMES**
Address: 359 Washington Ave.
         Egg Harbor City, New Jersey  08215
Email Address: gradames17@gmail.com
Telephone number: (609) 271-0083

|  |
|---|
| Superior Court of New Jersey |
| Law Division Atlantic County |
| Civil Part |

Docket No. _____
(to be filled in by the court)

**GLEIRY E. ROMERO-ADAMES**
Plaintiff,
v.
**WORDEN & ASSOCIATES, LLC** and **CAPITAL ONE BANK (USA), N.A.,**
Defendants.

Civil Action
**Complaint**

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENTS

The events giving rise to this complaint occurred between January 18, 2023 and October 2025, culminating in the unauthorized sale of a substantially paid account and continued credit damage.

1. This is a civil action for breach of contract, negligence, violations of the Fair Credit Reporting Act **(FCRA)**, Fair Debt Collection Practices Act **(FDCPA)**, and the New Jersey Consumer Fraud Act **(CFA)**, arising from Defendants' collective failure to resolve multiple consumer debts, mismanagement of settlement funds, negligent communication, and the unlawful sale and reporting of a charged-off account.

2. Despite Plaintiff's diligent efforts to resolve her Discover and Capital One accounts through a settlement program administered by Worden & Associates, LLC, Defendants failed to act within the promised timeframe. This failure resulted in a lawsuit and judgment against Plaintiff for the Discover debt. Shortly thereafter, and without Plaintiff's knowledge, Capital One sold the account—despite substantial payments having been made and the debt still appearing on all three major credit bureaus. Upon discovering the continued reporting, Plaintiff initiated formal disputes with the credit bureaus, which ultimately led to the removal of the Capital One tradeline. The sale of the account, executed without final accounting or notice, reignited a cycle of harm and legal exposure to Plaintiff, undermining her resolution efforts and compounding the damage caused by Defendants' inaction.

3. Plaintiff seeks compensatory, statutory, and equitable relief for the financial, reputational, and emotional damages suffered as a result of Defendants' misconduct, including

Except7 1112250169

misrepresentation of account status, failure to disburse funds, unauthorized credit reporting, and disregard for fiduciary obligations.

## PARTIES

1. Plaintiff **Gleiry Romero-Adames** is an individual residing at 359 Washington Ave, Egg Harbor City, New Jersey 08215. Plaintiff holds a certificate in accounting services and has applied her training to conduct a detailed financial analysis of the disputed accounts, including reconciliation of disbursements, settlement breakdowns, and remaining balances. Under Federal Rule of Evidence 702, Plaintiff is qualified to present expert findings in this matter based on her specialized knowledge, skill, and experience in financial documentation and dispute resolution. Plaintiff retained Worden & Associates, LLC to negotiate and settle outstanding consumer debts, including accounts with Discover Bank and Capital One Bank (USA), N.A., and was enrolled in a debt resolution program administered through Global Holdings.

2. Defendant **Worden & Associates, LLC** is a Texas-based law firm with a principal place of business at 15305 Dallas Parkway, 12th Floor, Addison, Texas 75001. The firm is operated by **Victoria Marie Worden Jensen,** a licensed attorney in the **State of Texas Bar No. 00784336.** While Plaintiff's engagement was with the firm as a legal entity, the conduct described herein reflects systemic mismanagement and fiduciary breach under the oversight of its licensed operator. Worden & Associates marketed and administered debt settlement services to New Jersey residents, including Plaintiff, and acted as the primary negotiator and fiduciary for Plaintiff's Discover and Capital One accounts. Despite receiving sufficient funds through Plaintiff's Global Holdings account, Worden failed to disburse payments in a timely and accurate manner, misrepresented account statuses, and neglected to intervene when Plaintiff was sued by Discover Bank. Their failure to act within the critical timeframe directly led to a court judgment against Plaintiff and the eventual sale of the Capital One account – an account that had already been substantially paid. Worden's mismanagement and lack of transparency directly caused the financial, reputational, and emotional harm suffered by Plaintiff.

3. Defendant **Capital One Bank (USA), N.A.** is a national banking association with a principal place of business at 1680 Capital One Drive, McLean, Virginia 22102. Capital One engaged in debt collection activity with Plaintiff, including the issuance of settlement offers and communications containing Mini-Miranda language, thereby triggering obligations under the Fair Debt Collection Practices Act (FDCPA). Capital One received the majority of the agreed settlement amount through disbursements administered by Worden & Associates. Despite this, Capital One failed to provide final account documentation, blocked Plaintiff's access to her account, and repeatedly withheld requested information necessary to confirm resolution. After Plaintiff ceased contact due to lack of response, Capital One proceeded to sell the account to a third-party

Except7 1112250170

collector—despite the debt being substantially paid—causing renewed credit damage and legal exposure. This conduct reflects a pattern of misleading and obstructive behavior that compounded Plaintiff's financial and reputational harm.

## JURISDICTION & VENUE

This Court has jurisdiction over this matter pursuant to Article VI, Section 3 of the New Jersey Constitution and N.J.S.A. 2A:16-49 et seq., as the claims involve contractual breaches, consumer protection violations, and financial harm arising within the State of New Jersey.

Venue is proper in this Court pursuant to N.J. Ct. R. 4:3-2, as the events giving rise to this action occurred in Atlantic County, New Jersey, where Plaintiff resides and where the impact of Defendant's misconduct was sustained.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT (Against Worden & Associates)

**Legal Basis:**
Breach of express terms under the Contingent Fee Limited Scope Legal Services Agreement, including but not limited to Section 2 (Scopes of Services), 5 (Client Communication), and 17 (Settlement Execution).

**Facts Supporting Breach:**
  A. Worden failed to disburse funds to Capital One despite sufficient balance of $2,106.50 in Plaintiff's Global Holdings account, resulting in reversal and eventual sale of the account.
  B. Worden's client portal falsely reflected the Capital One account as "Paid in Full" while the debt remained unresolved, misleading Plaintiff and obstructing resolution efforts.
  C. Worden failed to respond to Plaintiff's certified demand letter requesting proof of disbursement and full accounting of settlement funds, despite repeated follow-ups.
  D. Worden breached multiple provisions of the Agreement by failing to:
     - Assist with timely and accurate disbursement of settlement funds (Section 2),
     - Maintain clear and responsive communication with Plaintiff (Section 5),
     - Act upon accepted settlement terms and provide documentation of resolution (Section 17).

These breaches are consistent with established New Jersey case law. In *Globe Motor Co. v. Igdalev*, the court held that failure to perform contractual obligations—even in part—constitutes actionable breach. Similarly, *Murphy v. Implicito* affirmed that neglect and lack of transparency in service-based agreements support breach and fiduciary duty claims. Finally, *Coyle v. Englander's* reinforces that misrepresentation and failure to deliver promised services are actionable under contract law.

**Resulting Harm:**
These breaches directly led to the sale of a substantially paid account, renewed credit damage, legal exposure, and emotional stress. Plaintiff relied on Worden's representations and services in good faith and suffered financial and reputational harm as a result.

## COUNT II – NEGLIGENCE & BREACH OF FIDUCIARY DUTY (Against Worden & Associates)

**Legal Basis:**
Violation of common law fiduciary duty of care, loyalty, and diligence owed to Plaintiff as a retained legal service provider and financial intermediary.

**Facts Supporting Breach:**
   A. Worden mishandled client funds by failing to disburse the final settlement amount to Capital One, despite a sufficient balance in the Global Holdings account. Their failure to monitor creditor communications led to a reversal and eventual sale of the account.
   B. Plaintiff requested escalation both verbally and through the client portal (Case #06603686), yet Worden failed to follow through on the proposed resolution or provide documentation. This repeated failure to act reflects a breach of duty to respond to foreseeable harm.
   C. Worden failed to safeguard Plaintiff from foreseeable consequences of unresolved debt, including the sale of a substantially paid account, renewed credit damage, and legal exposure. Their inaction during active litigation with Discover Bank and failure to modify payment structures further compounded the harm.
   D. In the absence of communication after May 2025 and no response to Plaintiff's certified demand in June, Plaintiff was forced to independently reconcile her Global Holdings account and review Worden's client portal. Through this effort, she discovered that Capital One had received $3,953.50 in disbursements, with a remainder balance of $280.40 left unresolved. Worden provided no documentation or explanation for the reversal of a $2,185.09 payment, nor did they notify Plaintiff of the account's sale. These findings were made solely through Plaintiff's diligence, as Worden failed to fulfill their duty to inform and account.

These breaches are consistent with New Jersey case law. In *Petrillo v. Bachenberg*, the court held that professionals may be liable for negligent misrepresentation when clients rely on their expertise and transparency. *Baxt v. Liloia* affirmed that fiduciaries must act in the client's best interest, even absent fraudulent intent. *Albright v. Burns* further established that failure to respond to foreseeable harm and neglect of communication constitutes breach of fiduciary duty and actionable negligence.

**Resulting Harm:**
Plaintiff suffered financial loss, reputational damage, and emotional stress due to Worden's failure to act with reasonable care and loyalty. These breaches undermined Plaintiff's ability to resolve her debts, maintain her credit, and protect herself from litigation and garnishment.

Except7 1112250172

## COUNT III – VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) (Against Capital One)

**Legal Basis:**

Violation of 15 U.S.C. § 1681s-2(b), which requires furnishers of credit information to conduct reasonable investigations and correct or delete inaccurate, incomplete, or unverifiable data upon notice of a consumer dispute.

**Facts Supporting Violation:**

A. Capital One continued to report the charged-off debt to credit bureaus from September 2023 through January 2025, despite receiving settlement disbursements administered by Worden & Associates. This ongoing reporting failed to reflect the partial resolution and created a misleading tradeline.

B. Plaintiff repeatedly requested full documentation from Capital One to confirm resolution and reconcile discrepancies with Worden's portal, which falsely showed the account as "Paid in Full". Capital One responded only with partial statements and cited missing SSN digits, obstructing Plaintiff's ability to verify the account status.

C. Due to Capital One's failure to provide documentation and Worden's lack of communication, Plaintiff filed formal disputes with Equifax, Experian, and TransUnion regarding the unresolved balance and inaccurate reporting. After all three credit bureaus resolved the disputes and removed the inaccurate balance from the Plaintiff's credit report, Plaintiff received letter dated October 16 from Capital One notifying her of the sale of her account to Resurgent Acquisitions, LLC – making this the first time Plaintiff became aware of the sale.

D. The sale of a substantially paid and disputed account – without notice of resolution – risks reintroducing inaccurate or unverified data into Plaintiff's credit profile, in violation of the FCRA's accuracy and reinsertion provisions under 15 U.S.C. § 1681s-2(b) and § 1681i(a)(5).

These violations are further supported by federal appellate precedent. In *Cushman v. Trans Union Corp.*, the Third Circuit held that superficial investigations violate FCRA duties. *SimmsParris v. Countrywide* affirmed that furnishers must investigate disputes once notified by credit bureaus. *Johnson v. MBNA* confirmed that failure to investigate supports claims for actual and statutory damages. Capital One's conduct aligns with these precedents and reflects a pattern of noncompliance.

**Resulting Harm:**

Capital One's failure to investigate, correct, and fully respond to Plaintiff's disputes caused prolonged credit damage, denial of financing opportunities, and emotional distress. These violations support Plaintiff's claim for statutory damages, actual damages, and attorney's fees under 15 U.S.C. § 1681n and § 1681o.

Except7 1112250173

## COUNT IV – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(Against Worden & Associates)**

**Legal Basis:**
Violation of 15 U.S.C. § 1692e, which prohibits debt collectors from using false, deceptive, or misleading representations in connection with the collection of any debt.

**Facts Supporting Violation:**
A. Worden misrepresented the status of Plaintiff's Capital One account as "Paid in Full" within its client portal, despite the debt remaining unresolved and ultimately being sold to a third-party collector.
B. Worden failed to communicate material facts regarding the settlement status, including Capital One's rejection of the final disbursement and the reversal of a $2,185.09 payment that led to the account's sale.
C. Worden did not inform Plaintiff of the creditor's refusal to accept the lump-sum payment or provide documentation of the failed disbursement, obstructing Plaintiff's ability to resolve the debt and triggering further credit damages.
D. These omissions and misrepresentations occurred while Worden continued to deduct payments from Plaintiff's Global Holdings account, despite knowing the account was no longer eligible for resolution under the program.

These violations are supported by federal precedent. In *Heintz v. Jenkins*, the Supreme Court confirmed that attorneys engaged in debt collection are subject to FDCPA. *Glover v. F.D.I.C.* clarified that misleading communications—even if technically accurate—can violate the statute. *Caprio v. Healthcare Revenue Recovery Group* emphasized the need for clarity in debt communications. Worden's conduct mirrors these violations and supports Plaintiff's claim for statutory and actual damages.

**Resulting Harm:**
Plaintiff relied on Worden's representation in good faith and suffered financial loss, reputation damage, and emotional distress due to misleading account status updates and failure to disclose critical settlement information. These violations support claims for statutory damages, actual damages, and attorney's fees under 15 U.S.C. § 1692k.

## COUNT V – VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT (Against Both Defendants)

**Legal Basis:**
Violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.), which prohibits unconscionable commercial practices, deception, fraud, false promises, and misrepresentation in connection with the sale or performance of services.

Except7 1112250174

**Facts Supporting Violation:**

A. Worden & Associates misrepresented the scope and effectiveness of their debt resolution services, including falsely marking Plaintiff's Capital One account as "Paid in Full" while the debt remained unresolved and ultimately sold.

B. Capital One sold Plaintiff's account to Resurgent Acquisitions, LLC despite receiving substantial settlement disbursements and while Plaintiff was actively seeking resolution. The account had already been removed from Plaintiff's credit reports following formal disputes, yet Capital One failed to provide notice or full documentation prior to the sale.

C. Both Defendants failed to provide complete and timely documentation in response to Plaintiff's certified requests. Worden did not respond to Plaintiff's June 2025 demand packet, and Capital One provided only partial statements while citing missing SSN digits. These omissions obstructed Plaintiff's ability to confirm resolution, correct her credit file, and protect herself from further harm.

D. As a direct result of Defendants' deceptive practices and lack of transparency, Plaintiff was unable to resolve her debts and suffered a judgment from Discover Bank, which entered enforcement during her period of medical disability. This judgment compounded Plaintiff's financial hardship and contributed to wage garnishment and employment disruption.

These violations are supported by New Jersey precedent. In *Cox v. Sears Roebuck & Co.*, the court held that unconscionable commercial practices and misrepresentation violate the CFA regardless of intent. *Murphy v. Implicito* affirmed that failure to deliver promised services and misrepresentation of scope support CFA claims. *Gennari v. Weichert* emphasized that misrepresentations inducing reliance—even if not fraudulent—are actionable under the CFA. Defendants' conduct mirrors these violations and supports Plaintiff's claim for treble damages and equitable relief.

**Resulting Harm:**
Plaintiff suffered financial loss, reputational damage, and emotional distress due to Defendants' deceptive practices, lack of transparency, and failure to deliver promised services. These violations support claims for treble damages, attorney's fees, and injunctive relief under N.J.S.A. 56:8-19.

## COUNT VI – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (Against Capital One)

**Legal Basis:**
Violation of 15 U.S.C. § 1692e, which prohibits false, deceptive, or misleading representations in connection with the collection of any debt.

**Facts Supporting Violation:**

A. Capital One used Mini-Miranda language in post-default communications with Plaintiff, stating that the communication was "an attempt to collect a debt," thereby portraying itself as a debt collector.

Except7 1112250175

B. These communications occurred after the account had entered default and while Plaintiff was actively disputing the balance and seeking resolution through Worden & Associates and direct correspondence.

C. Capital One's failure to provide full documentation in response to Plaintiff's certified requests - combined with its use of debt collection language – created confusion and misled Plaintiff regarding her rights, the status of the account, and Capital One's role in the collection process.

These violations are supported by federal precedent. In *Heintz v. Jenkins*, the Supreme Court confirmed that entities engaged in debt collection are subject to FDCPA. *Glover v. F.D.I.C.* clarified that misleading communications—even if technically accurate—can violate the statute. *Caprio v. Healthcare Revenue Recovery Group* emphasized the need for clarity in debt communications. Capital One's conduct mirrors these violations and supports Plaintiff's claim for statutory and actual damages.

This conduct mirrors *Cooper v. Pressler & Pressler*, Civil No. 12-0679 (D.N.J.), where the court found that post-default communications using Mini-Miranda language triggered FDCPA scrutiny. Capital One's use of similar language—while denying Plaintiff access to account information and continuing credit damage—supports Plaintiff's claim that these communications were misleading and violated 15 U.S.C. § 1692e.

**Resulting Harm:**
Plaintiff suffered emotional distress, confusion, and reputational harm due to Capital One's misleading communications and failure to clarify its legal posture. These violations support claims for statutory damages, actual damages, and attorney's fees under 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

**A. Economic Damages**

- **$6,298.00** in total payments made to the Global Holdings account, intended for settlement of the Capital One debt, of which $2,099.09 remains undistributed and $322.75 was deducted in fees without full performance.

- **$9,381.64** in damages resulting from Discover's Bank lawsuit and judgement, which could have been avoided had Worden acted within a reasonable timeframe.

- **$3,148.46** in increased debt exposure due to failed disbursement and creditor rejection.

- **$2,500.00** estimated loss from denied credit-based services (e.g., roofing quotes, loan eligibility).

- **$1,000.00** in costs associated with certified mail, document preparation, and dispute filings.

Except7 1112250176

### B. Non-Economic Damages

- **$10,000.00** for emotional distress, anxiety, and disruption caused by:
    - Repeated denial of account access
    - Contradictory communications from Capital One
    - Prolonged uncertainty and failed resolution efforts
    - Impact on family well-being during medical treatment and housing repairs

### C. Statutory Damages

- **Up to $1,000.00** under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k, for false or misleading representations.

- **Up to $1,000.00** under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681n and § 1681o, for negligent reinvestigation and unauthorized credit reporting.

### D. Equitable Relief

- Declaratory judgment that Plaintiff's obligations under the disputed Capital One account are extinguished.
- Permanent injunction prohibiting further collection efforts by Resurgent Acquisitions, LLC or any successor-in-interest.
- Treble damages and statutory penalties as permitted by law, including but not limited to **N.J.S.A. 56:8-19** and **15 U.S.C. § 1692k**.
- Order compelling Worden & Associates to provide full accounting and documentation of disbursements and settlement activity.

### E. Costs and Fees

- Reasonable attorney's fees and court costs incurred in bringing this action.
- Plaintiff reserves the right to apportion damages by defendant at trial and seeks joint and several liability where applicable.


## RESERVATION OF RIGHTS & ENFORCEMENT INTENT

Plaintiff has endeavored, in good faith, to resolve this matter through reasonable negotiation and certified correspondence in accordance with legal and equitable principles governing dispute resolution in New Jersey.

Should Defendants persist in refusing to settle or continue obstructing the amicable resolution of this dispute, Plaintiff expressly reserves all rights and remedies available under law and equity, including but not limited to pursuit of claims for treble damages under the New Jersey Consumer Fraud Act, statutory sanctions, punitive damages, civil contempt, and referral for regulatory and disciplinary investigation as warranted by the facts.

Except7 1112250177

Plaintiff will further seek immediate enforcement of any judgment obtained—including through garnishment, lien, turnover orders, and referral for collection and contempt proceedings—without further notice; and will not hesitate to initiate auxiliary claims, complaints to consumer and banking regulators, or motions for expedited injunctive relief, as permitted under the Federal Rules of Civil Procedure, New Jersey Court Rules, and applicable statutory regimes.

Plaintiff's willingness to entertain settlement shall not be construed as waiver of any claim, remedy, or enforcement avenue, nor shall any delay or accommodation serve to prejudice the exercise of statutory, contractual, or common law rights, including, but not limited to, those recognized in *Globe Motor Co. v. Igdalev*, 225 N.J. 469 (2016); *Cox v. Sears Roebuck & Co.*, 138 N.J. 2 (1994); *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

**Certification Pursuant to Rule 4:5-1**

I certify that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

Respectfully submitted,

**Gleiry E. Romero-Adames**
Date: 10/31/2025

Except7 1112250178

## Civil Case Information Statement

Directive #10-91         November 19, 1991
Issued by:               Robert D. Lipscher
                         Administrative Director

Pursuant to Supreme Court approved amendments to *R.* 1:5-6 and *R.* 4:5-1, submission of a Civil Case Information Statement (CIS) with all initial pleadings has been required since April 1, 1991. The form to be used has been promulgated as Appendix XII of the Rules of Court.

At a Spring 1991 meeting with the Chief Justice, a number of Assignment Judges noted problems with CIS forms whose format differed significantly from that promulgated as Appendix XII. As a result, the Chief Justice asked that necessary action be taken to ensure that CIS forms submitted in accordance with the amended rules conform to the promulgated form. This matter was also discussed at a meeting of the Conference of Civil Presiding Judges, which group resolved unanimously that a directive should be issued requiring that all CIS forms submitted follow a standard format.

Accordingly, please advise your County Clerk and Civil Division Manager that a pleading required to be accompanied by a CIS may be returned as non-conforming if all information elements of side one of the form prescribed as Appendix XII of the Rules (copy attached) are not present in substantially the same format. Forms produced by word processor or other means are acceptable as long as they are legible, and the contents and format conform to the prescribed CIS form.

### EDITOR=S NOTE

No change has been made to the original text.

Except7 1112250179

| | |
|---|---|
| | |
| | |
| AMOUNT: | $34,328.10 |
| OVERPAYMENT: | |

CIVIL CASE INFORMATION STATEMENT (CIS)  Use for initial pleadings (not motions) under R. 4:5-1

| ATTORNEY NAME | TELEPHONE NUMBER | COUNTY OF VENUE<br>Atlantic County |
|---|---|---|
| FIRM NAME (If Applicable) | | DOCKET NUMBER (When Applicable) |

| NAME OF PARTY (e.g. John Doe, Plaintiff)<br>Gleiry E. Romero-Adames | CAPTION | Gleiry E. Romero-Adames, Plaintiff v. Worden & Associates, LLC & Capital One Bank (USA), N.A., Defendants |
|---|---|---|

THE INFORMATION PROVIDED BELOW CANNOT BE INTRODUCED INTO EVIDENCE

| CASE TYPE NUMBER (See reverse side for listing)<br>599 - Contract and 699 - Tort | Is this a Title 59 action?<br>G   Yes       G   No |
|---|---|

Check if applicable:   G  Punitive Damages   G  Friendly Hearing Sought   G  Declaratory Judgment

CDR Desired?    G   Yes   Specify type:                          G   No

Present Medical Expense
G  $2500 or less        G   More than $2500       If more, do you wish to submit this case to arbitration?   G   Yes   G   No

Briefly describe the case; include any special characteristics that may warrant extended discovery or accelerated disposition (See reverse side for additional instructions):

Civil action for breach of contract, fiduciary negligence, and consumer fraud arising from mismanagement of debt settlement services and unauthorized sale of a substantially paid account. Plaintiff seeks compensatory, statutory, and equitable relief for financial and reputational harm.

Describe all pending actions related to this case, i.e., arising out of the same occurrence or transaction (give docket number if known):

None.

| ESTIMATED NUMBER OF DAYS TO TRY THE CASE<br><br>Liability:  2-3                         Damages:   2-3 | CASE ASSESSMENT (Mandatory for DCM Courses)<br><br>GExpedited   GStandard   GComplex |
|---|---|

Except7 1112250180

CIVIL CASE INFORMATION STATEMENT (CIS)    Side 2.  Use for initial pleadings (not motions) under R. 4:5-1.

## DOCUMENT TYPES

Complaint
Answer
Answer with Counterclaim
Answer with Crossclaim
Answer with Third-Party Complaint
Answer with Counterclaim & Crossclaim
Answer with Counterclaim & Third-Party Complaint
Answer with Crossclaim & Third-Party Complaint
Answer with Counterclaim, Crossclaim & Third-Party Complaint
Third-Party Complaint
Third-Party Answer
Third-Party Answer with Counterclaim
Third-Party Answer with Crossclaim
Third-Party Answer with Counterclaim & Crossclaim
Complaint Intervenor

CASE TYPES:  Choose one and enter number of case type in appropriate space on reverse side.

| AUTO NEGLIGENCE | | INSURANCE CLAIM | | | |
|---|---|---|---|---|---|
| 603 | Pers. Inj. Involved | 506 | PIP Coverage | 151 | NAME CHANGE |
| 610 | Prop. Damage Only | 505 | Other | 234 | FRT PLYWOOD |
| MALPRACTICE | | REAL PROPERTY | | OTHER | |
| 604 | Medical | 303 | Mt. Laurel | | |
| 607 | Other Professional | 304 | Land Use | 399 | REAL PROPERTY |
| | | 305 | Construction | | |
| OTHER TORT | | 301 | Condemnation | 599 | CONTRACT |
| 606 | Product Liability | 302 | Tenancy | | |
| 605 | Other Pers. Inj. | | | 699 | TORT |
| 602 | Assault & Battery | 175 | FORFEITURE | | |
| 609 | Defamation | | | 899 | MISCELLANEOUS |
| 608 | Toxic Tort | 701 | ACTION IN LIEU OF PREROGATIVE WRIT | | |
| 601 | Asbestos | | | | |
| CONTRACT | | 005 | CIVIL RIGHTS | | |
| 502 | Book Acct. | | | | |
| 503 | Comm'l Transaction | 156 | ENVIRONMENTAL LITIGATION | | |
| 509 | Employment | | | | |

When completing the case description section include such characteristics as:  anticipated joinder of parties or issues, need for priority handling due to nature or importance of case or likelihood of early disposition.  Be specific.