[Docket Nos. 9, 13, 14, 21]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

GLEIRY E. ROMERO-ADAMES,

Plaintiff,

v.

WORDEN & ASSOCIATES, LLC *et al.*,

Defendants.

Civil A. No. 26-991
(RMB/EAP)

**OPINION**

**APPEARANCES:**

Gleiry E. Romero-Adames
359 Washington Avenue
Egg Harbor City, New Jersey 08215

*Pro se*

LEVINE STALLER SKLAR CHAN & BROWN, P.A.
Anthony Morgano, Esq.
Emily M. Podolnick, Esq.
3030 Atlantic Avenue
Atlantic City, New Jersey 08401

*Attorneys for Defendant Worden & Associates, LLC*

BALLARD SPAHR, LLP
William Patrick Reiley, Esq.
700 East Gate Drive
Suite 330
Mt. Laurel, New Jersey 08054

*Attorney for Defendant Capital One, N.A., erroneously sued as Capital One Bank (U.S.A.), N.A.*

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon Worden & Associates, LLC's ("Worden") and Capital One, N.A.'s ("Capital One") (collectively, "Defendants") respective Motions to Vacate Entry of Default [Docket Nos. 9, 13], Capital One's Motion to Dismiss [Docket No. 14], and Worden's Motion to Join Capital One's Motion to Dismiss as to Count V [Docket No. 21.] *Pro se* Plaintiff, Gleiry Romero-Adames ("Plaintiff" or "Romero-Adames") has opposed Capital One's Motion to Dismiss and both Motions to Vacate [Docket No. 15.]

## I. FACTUAL BACKGROUND[1]

Romero-Adames brings this *pro se* Complaint against Worden and Capital One alleging Defendants' "collective failure to resolve multiple consumer debts, mismanagement of settlement funds, negligent communication, and the unlawful sale and reporting of a charged-off account." [Compl. (Docket No. 1-1) at 4.]

Plaintiff alleges that she entered into a Contingent Fee Limited Scope Legal Services Agreement ("Agreement") with Worden to negotiate and settle two outstanding consumer debts through a debt-resolution program administered through Global Holdings. [*Id.* at 5.] The two debts were owed to Discover Bank and Capital One, respectively. [*Id.*] Plaintiff alleges that the Agreement's terms included provisions governing Worden's scope of services, client communication, and

[1] At this stage, the Court accepts all well-pled factual allegations as true and views them in the light most favorable to Plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350–51 (3d Cir. 2005).

settlement execution, and that Worden acted as her fiduciary and primary negotiator on both accounts. [*Id.* at 5–6.] Plaintiff alleges Worden failed to disburse settlement funds despite a sufficient account balance, falsely reflected the Capital One account as "Paid in Full" on its client portal, and failed to respond to her certified demand for an accounting. [*Id.* at 6.]

Plaintiff alleges that Capital One continued reporting the charged-off debt to the credit bureaus from September 2023 through January 2025 notwithstanding payments or settlement disbursements that Plaintiff contends Worden administered on her behalf, and that when she requested documentation to confirm the account's status, Capital One provided only partial statements. [*Id.* at 8.] Plaintiff filed formal disputes with Equifax, Experian, and TransUnion regarding the account's balance and status. [*Id.*] All three bureaus resolved those disputes and removed the disputed balance from her credit report. [*Id.*] It was only after that resolution that Plaintiff received an October 16 letter from Capital One notifying her that the account had been sold to Resurgent Acquisitions, LLC. [*Id.*] Plaintiff alleges that the subsequent sale of the account "risks reintroducing inaccurate or unverified data" into her file. [*Id.*]

Separately, Plaintiff alleges that Capital One issued settlement offers and other communications to her containing "Mini-Miranda" language stating that the communications were "an attempt to collect a debt." [*Id.* at 5, 10.] These communications allegedly occurred after the account had entered default, while she was still disputing the balance directly with Capital One and through Worden, before Capital One sold the account to Resurgent in October 2025. [*Id.* at 4, 10–11.]

## II. PROCEDURAL HISTORY

Plaintiff filed this lawsuit *pro se* on October 31, 2025, in the Superior Court of New Jersey, Law Division, Atlantic County. [Compl.] The Complaint asserts the following claims against the Defendants.

> Count I: Breach of Contract against Worden [*id.* at 6–7.]
>
> Count II: Negligence and Breach of Fiduciary Duty against Worden [*id.* at 7.]
>
> Count III: Violation of the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681s-2(b)) against Capital One [*id.* at 8.]
>
> Count IV: Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692e) against Worden [*id.* at 9.]
>
> Count V: Violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 *et seq.*) against all Defendants [*id.* at 9–10.]
>
> Count VI: Violation of the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692e) against Capital One [*id.* at 10–11.]

On December 17, 2025, Plaintiff requested an entry of default which was granted against Defendants. [Docket No. 1 ¶ 2.] Capital One and Worden both contend that service was deficient. [*Id.*; Docket No. 9-1 at 2.]

Capital One removed this action to the United States District Court for the District of New Jersey, Camden Division, on February 2, 2026, based on federal question jurisdiction. [Docket No. 1 ¶¶ 9–11.] The Notice of Removal represents that Worden consented to removal. [*Id.* ¶¶ 13–14.]

Worden filed a Motion to Vacate Entry of Default on February 20, 2026. [Docket No. 9.] Plaintiff requested an extension to oppose this motion on March 2, 2026, and the Court granted this extension request on March 4, 2026. [Docket Nos.

10, 11.] Capital One filed a Motion to Vacate Entry of Default and a Motion to Dismiss on March 9, 2026. [Docket Nos. 13, 14.] On March 20, 2026, Plaintiff filed a consolidated opposition to Defendants' Motions to Dismiss and to Vacate. [Docket No. 15.] Capital One and Worden filed respective Replies. [Docket Nos. 16, 20.] On March 31, 2026, Worden filed a Motion to Join Capital One's Motion to Dismiss Count V of Plaintiff's Complaint. [Docket No. 21.]

## III. LEGAL STANDARD

### A. Motions to Vacate Entries of Default

Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." A decision to set aside an entry of default is left to the discretion of the district court. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). However, default is disfavored and doubtful cases must be resolved in favor of the moving party so that the cases may be decided on their merits. *Id.* at 194–95.

The Court considers four factors in determining whether there is good cause to vacate entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). While district courts are urged to make explicit findings concerning all of these factors in considering a motion to vacate entry of default, the second factor—whether the

defendant has a meritorious defense—is considered to be a dispositive "threshold question." *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

Though motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors, the former are held to a more lenient standard. *See Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

**B. <u>Rule 12(b)(6) Motion to Dismiss</u>**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. *Id.* at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

When reviewing a plaintiff's complaint on a motion to dismiss, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Dickerson v. N.J. Inst. of Tech.*, 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019) (citing *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004)). This more liberal construction of *pro se* complaints does not, however, absolve a pro se plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g.*, *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint ... must be held to 'less stringent standards than formal pleadings drafted by lawyers;' ... but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'"); *Badger v. City of Phila. Office of Prop. Assessment*,

563 F. App'x 152, 154 (3d Cir. 2014) ("Complaints filed *pro se* are construed liberally, but even a *pro se* complaint must state a plausible claim for relief.").

## IV. DISCUSSION

### A. Motions to Vacate Entries of Default

Regarding the dispositive threshold of whether Worden and Capital One have meritorious defenses, the Court finds that both Defendants have identified potentially meritorious defenses. "Typically, a party establishes a meritorious defense where 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *Williams v. Ying Zhou*, 2015 WL 4940817, at *1 n. 2 (D.N.J. Aug. 19, 2015) (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951)). Nevertheless, "the Court is not required to resolve legal issues" and "a proffered defense is sufficient if it is not facially unmeritorious." *Id.*

Namely, Capital One argues that Plaintiff's FCRA claim fails because Plaintiff acknowledges that the credit reporting agencies removed the disputed tradeline; that her FDCPA claim fails because Capital One is the original creditor, rather than a "debt collector"; and that her NJCFA claim is preempted by the FCRA. [Docket No. 13-1 at 10–11.] Worden, for its part, asserts that it successfully negotiated a settlement of Plaintiff's outstanding Capital One debt and thereby satisfied its obligations under the parties' agreement. [Docket No. 20 at 2.] Worden further asserts that Plaintiff executed a binding arbitration agreement that requires her claims

against Worden to proceed in arbitration. [*Id.*] These constitute potentially meritorious defenses. Plaintiff's attempt to dispute this conclusion is unsuccessful, as she argues that Defendants' accounts of the underlying events are inconsistent and that factual disputes remain concerning their respective conduct. [Docket No. 15 at 7.] But the existence of factual disputes does not undermine Defendants' showing at this stage; Defendants need only identify defenses which, if established, would constitute complete defenses to Plaintiff's claims. *See Williams*, 2015 WL 4940817, at *1 n.2.

Plaintiff argues that vacating the defaults would prejudice her because she has already expended significant time and resources responding to Defendants' allegedly shifting positions. [Docket No. 15 at 7.] The Court acknowledges that vacating the defaults will require Plaintiff to continue litigating this matter. However, the case remains in its early stages: no discovery has occurred, no trial date has been set, and no substantive rulings have been entered. [Docket No. 16 at 4.] The Court finds that any prejudice that Plaintiff will suffer does not outweigh the preference to litigate cases on the merits, and especially cases in which a meritorious defense exists. *See $55,518.05 in U.S. Currency*, 728 F.2d at 194–95.

With respect to Defendants' culpability for failing to enter an appearance in this matter, the Court finds that Defendants have advanced record supported arguments that services were deficient. Capital One contends that Plaintiff's proof of service reflects that she mailed only the Complaint, without a summons, and attempted service by mail. [Docket No. 13-1 at 8.] As to Worden, it avers that service was never

properly effectuated, as a package was accepted by a building attendant and placed in a general mailbox. [Docket No. 9-1 at 2.] Defendants' assertions regarding lack of proper service favor vacating the defaults.

Finally, the Court finds that, although unnecessary, there are alternative means other than defaults.

The Court finds that, on balance, the *Emcasco* factors favor vacating the defaults in this matter. Therefore, the Motions to Vacate [Docket Nos. 9, 13] will be granted.

### B. Capital One's Motion to Dismiss

#### i. Count III: FCRA

Under Section 1681s-2(b) of the FCRA, a plaintiff may only bring a claim against a furnisher of information for failure to furnish accurate information to a CRA "by alleging that: (1) [s]he sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Annecharico v. Bank of Am., N.A.*, 2012 WL 1677242, at *1 (D.N.J. May 11, 2012); *Henderson v. Equable Ascent Fin.*, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011); *Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 448 (D.N.J. 2010); *Paredes v. Sallie Mae*, 2011 WL 5599605, at *6 (D.N.J. Nov. 16, 2011). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." *Annecharico*, 2012 WL 1677242, at *1 (quoting *Henderson*, 2011 WL 5429631, at *3).

Section 1681i of the FCRA requires consumer reporting agencies to conduct a reasonable reinvestigation of a consumer's file if the consumer disputes the "completeness or accuracy of any item of information" in the file. 15 U.S.C. § 1681i(a)(1)(A). "If, after any reinvestigation," the information disputed by the consumer "is found to be inaccurate or incomplete or cannot be verified," the consumer reporting agency must delete or modify that item of information from the file of the consumer "based on the results of the reinvestigation" and "promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." *Id.* § 1681i(a)(5)(A)(i)–(ii).

Here, Plaintiff has failed to plausibly allege the third element of a § 1681s-2(b) claim. Plaintiff's Complaint alleges "… all three credit bureaus resolved the disputes and removed the inaccurate balance from the Plaintiff's credit report…" [Compl. at 8.] This allegation does not support a reasonable inference that Capital One failed to modify inaccurate information after receiving notice from a consumer reporting agency.

Plaintiff's allegation that Capital One later sold the account to Resurgent Acquisitions, LLC [Compl. at 8], does not alter this conclusion. The FCRA provision at issue regulates a furnisher's obligations after receiving notice from a consumer reporting agency of a dispute; it does not make the sale of an account, standing alone, an actionable violation. Plaintiff alleges only that the sale "risks reintroducing inaccurate or unverified data" into her credit report. [Compl. at 8.] Plaintiff does not allege that Capital One thereafter furnished any specific inaccurate

information to a consumer reporting agency, that the consumer reporting agency notified Capital One of a subsequent dispute, or that Capital One failed to investigate or correct the information. The speculative possibility of future inaccurate reporting does not plausibly state a claim under § 1681s-2(b).

Because Plaintiff has not plausibly alleged that Capital One failed to satisfy a duty imposed by § 1681s-2(b), the Court need not reach Capital One's alternative argument that Plaintiff fails to plead actual damages or injury sufficient for Article III standing.

Accordingly, Count III is dismissed without prejudice.

**ii. Count V: NJCFA**

Capital One argues Plaintiff's NJCFA claims are preempted by 15 U.S.C. § 1681t(b)(1)(F), which specifically prohibits States from imposing requirements or prohibitions concerning the responsibilities of furnishers of information to consumer reporting agencies regulated under § 1681s-2. 15 U.S.C. § 1681t(b)(1)(F). Capital One states that Count V is "predicated entirely on Capital One's credit reporting and its handling of Plaintiff's disputes" and therefore must be dismissed with prejudice. [Docket No. 14-1 at 13.] Plaintiff responds that her state-law claims are "independently cognizable" because they concern disputed agreements, conflicting representations, and Defendants' alleged failure to honor or accurately report a settlement, matters she contends require discovery. [Docket No. 15 at 17.]

### *a. Plaintiff's Claims Implicate the FCRA*

Congress enacted the Federal Credit Reporting Act primarily for the protection of consumers. *See Gelman v. State Farm Mutual Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009) (quoting *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007) ("Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.")). The FCRA's stated purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

The statute places duties not only upon consumer reporting agencies, but upon "furnishers of information" to those agencies. *Burrell*, 753 F. Supp. 2d at 446. "Although undefined by the statute, the latter category is understood to include any entity that reports information relevant to a consumer's credit rating – i.e., payment history, amount of debt, and credit limit – to credit reporting agencies." *Burrell*, 753 F. Supp. 2d at 446 (citing H.R. Rep. No.108-396, at 24 (2003) (Conf. Rep.) ("The most common ... furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies.") (emphasis added). Plaintiff challenges Capital One's reporting of her account and its response to disputes concerning that reporting. [Compl. at 8.] Indeed, Plaintiff's opposition expressly characterizes Capital One's

alleged inaccurate reporting and failure to correct disputed information as violations of the FCRA's furnisher obligations. [Docket No. 15 at 16–17.] Those allegations therefore fall within the subject matter regulated by the FCRA.

***b. The FCRA Preempts Plaintiff's Potential State Law Claims.***

The FCRA "totally preempts all potential state statutory and common law causes of action based on" claims "premised on the reporting of credit information to credit reporting agencies." *Annecharico*, 2012 WL 1677242, at *1; *see also Edwards v. Equable Ascent, FNCL, LLC*, 2012 WL 1340123, at *7 (D.N.J. Apr. 16, 2012) (finding that such claims are totally preempted); *Henderson,* 2011 WL 5429631, at *5; *Nonnenmacher v. Capital One*, 2011 WL 1321710, at *3 (D.N.J. Mar. 31, 2011); *Burrell*, 753 F. Supp. 2d at 451 (holding that the FCRA "leaves no room for state law claims against furnishers of information ... regardless of whether those claims are couched in terms of common law or state statutory obligations.").

Plaintiff argues that her state-law claims survive because "[t]he existence of a disputed agreement, conflicting representations, and Defendants' failure to honor or accurately report the alleged settlement are all fact questions that cannot be resolved on the pleadings." [Docket No. 15 at 17.] Even accepting Plaintiff's account of the payments and the alleged settlement, a theory that Capital One violated the NJCFA by failing to report the resulting account status accurately would impose a state-law obligation concerning its responsibilities as a furnisher. Such theory is preempted. *See* 15 U.S.C. § 1681t(b)(1)(F); *Annecharico*, 2012 WL 1677242, at *1.

Here, insofar as Count V seeks to hold Capital One liable for inaccurately reporting Plaintiff's account, failing to reflect payments or an alleged settlement in its reporting, or failing to investigate and correct disputed credit information, the claim concerns Capital One's duties as a furnisher and is preempted. [Compl. at 8, 10; Docket No. 15 at 17.]

The Court does not, however, adopt Capital One's characterization of Count V as resting entirely on credit reporting. Plaintiff also alleges that Capital One sold her account despite substantial settlement disbursements and failed to provide notice or complete documentation before the sale. [Compl. at 10.] To the extent those allegations assert misconduct independent of Capital One's furnishing of credit information or performance of its associated dispute-resolution duties, Capital One has not established that § 1681t(b)(1)(F) preempts them merely because they concern the same account. *See* 15 U.S.C. § 1681t(b)(1)(F). Accordingly, Count V is dismissed without prejudice insofar as it rests on Capital One's credit reporting and related furnisher duties. Whether Plaintiff's remaining allegations state an NJCFA claim is addressed below.

***c. Plaintiff's Remaining Allegations Fail to State an NJCFA Claim***

Capital One alternatively argues that Plaintiff fails to plead unlawful conduct, an ascertainable loss, or a causal relationship between the two. [Docket No. 14-1 at 13–15.] To state an NJCFA claim, a plaintiff must establish three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. *Ciser v.*

*Nestle Waters N. Am. Inc.*, 596 F. App'x 157, 160 (3d Cir. 2015) (citing *Zaman v. Felton*, 219 N.J. 199, 98 A.3d 503, 516 (2014)).

The heightened pleading standard expressed under Federal Rule of Civil Procedure Rule 9(b) applies to the extent Plaintiff's claim rests on deception, misrepresentation, or omission. *Dewey v. Volkswagen AG,* 558 F. Supp. 2d 505, 526 (D.N.J. 2008). To satisfy the standard, the plaintiff must plead with particularity the circumstances constituting a fraud. Fed. R. Civ. P. 9(b). This can be accomplished by pleading "the date, time[,] and place" of the fraud or otherwise injecting "precision or some measure of substantiation into the allegation." *Slimm v. Bank of Am. Corp.,* 2013 WL 1867035, at *13–14 (D.N.J. May 2, 2013) (quoting *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir. 2007)). A plaintiff alleging fraud must state the circumstances of the fraud with sufficient particularity "to place the defendants on notice of the precise misconduct with which they are charged." *Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir. 2004). In other words, the Rule "requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *In re Advanta Corp. Sec. Litig.,* 180 F.3d 525, 534 (3d Cir. 1999).

Here, Plaintiff's remaining allegations do not identify an actionable unlawful practice by Capital One. As Capital One first argues, "[c]redit reporting does not constitute the sale or advertisement of merchandise." [Docket No. 14-1 at 14.] To the extent Plaintiff's claim rests on Capital One's credit reporting or handling of her credit disputes, those allegations are preempted for the reasons discussed above. Plaintiff's remaining allegations are that Capital One sold the account after Plaintiff

had already made settlement payments and did not provide notice or full documentation before the sale. [Compl. at 10.] Those allegations do not identify a particular false statement, material omission, unconscionable commercial practice, or other unlawful conduct by Capital One. Nor does Plaintiff allege the circumstances of any deception with the particularity required by Rule 9(b).

Capital One next argues that Plaintiff has not adequately pled an ascertainable loss, as required to establish a claim under the NJCFA, or resulting damages, as required to establish a fraud claim. [Docket No. 14-1 at 14.] Specifically, Capital One argues that Plaintiff's generalized allegations of financial loss, reputational damage, and emotional distress do not identify an ascertainable loss. [*Id.*] "The plain language of the [NJCFA] unmistakably makes a claim of ascertainable loss a prerequisite for a private cause of action." *D'Agostino v. Maldonado*, 78 A.3d 527, 537 (N.J. 2013). An "ascertainable loss" is "either an out-of-pocket loss or a demonstration of loss in value that is quantifiable or measurable." *Marcus v. BMW of N.A., LLC*, 687 F.3d 583, 606 (3d Cir. 2012) (quoting *Thiedemann v. Mercedes-Benz U.S.A., LLC*, 872 A.2d 783, 792–93 (N.J. 2005)). An ascertainable loss is one that is not "hypothetical or illusory." *D'Agostino*, 78 A.3d at 537. "Put differently, a plaintiff is not required to show monetary loss, but only that [the plaintiff] purchased something and received 'less than what was promised.'" *Marcus*, 687 F.3d at 606 (quoting *Union Ink Co., Inc. v. AT&T Corp.*, 801 A.2d 361, 379 (N.J. Super. Ct. App. Div. 2002)). The NJCFA "does not, however, 'require that the loss be monetary [ ] or that it must be pled beyond a reasonable degree of certainty.'" *Dzielak v. Whirlpool*

*Corp.*, 26 F. Supp. 3d 304, 335 (D.N.J. 2014) (quoting *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 300 (D.N.J. 2009)).

"There are at least three recognized theories of ascertainable loss that may apply to a NJCFA claim." *Truglio v. Planet Fitness, Inc.*, 2016 WL 4084030, at *6 (D.N.J. July 28, 2016) (quoting *Hammer v. Vital Pharms., Inc.*, 2012 WL 1018842, at *8 (D.N.J. Mar. 26, 2012)). A plaintiff can either allege an out-of-pocket loss, a demonstration of loss in value, or a nominal overcharge for which the plaintiff has not made a pre-suit demand for a refund. *Id.* (quoting *Hammer*, 2012 WL 1018842, at *8).

Here, Plaintiff alleges generally that she suffered financial loss, reputational harm, prolonged credit damage, denial of financial opportunities, and emotional distress. [Compl. at 9–10.] These generalized allegations, without more, do not plausibly identify an ascertainable loss attributable to Capital One's alleged non-preempted conduct.

Finally, Capital One argues that "even if Plaintiff could identify an ascertainable loss, she fails to allege a causal link between any unlawful conduct by Capital One and that loss." [Docket No. 14-1 at 14.] Plaintiff's opposition does not specifically address this argument and instead maintains that her state-law claims are independently cognizable because they concern disputed agreements, conflicting representations, and Defendants' alleged failure to honor or accurately report a settlement. [Docket No. 15 at 17.] Plaintiff also argues that discovery is necessary. [*Id.* at 15-17.]

A request for discovery cannot substitute for factual allegations plausibly establishing each element of an NJCFA claim. Plaintiff does not plead facts showing a particular unlawful practice by Capital One caused a measurable loss. The allegation that Capital One sold the account after an alleged settlement, without more, does not plausibly establish that Capital One's conduct caused Plaintiff a quantifiable injury.

Accordingly, Count V is dismissed without prejudice as to Capital One.

**iii. Count VI: FDCPA**

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff L. Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005) (internal citation omitted). "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). Capital One contests the second element: whether Capital One is a debt collector. [Docket No. 14-1 at 12–13.]

The FDCPA defines a "debt collector" as any person who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or who "regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute expressly excludes from that definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such activity… concerns a debt which was originated by such person." *Id.* § 1692a(6)(F)(ii). Consistent with this text, the Third Circuit has instructed that "[c]reditors – as opposed to 'debt collectors' – generally are not subject to the [FDCPA]." *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018).

Applying that rule, courts in this Circuit have repeatedly treated Capital One as a creditor rather than a debt collector and therefore not a proper FDCPA defendant. *See Gilbert v. Capital One*, 2025 WL 2785037, at *4 n.5 (E.D. Pa. Sept. 30, 2025) ("Based on the facts alleged, Capital One is a creditor and not a debt collector, and creditors are generally not debt collectors.") (quoting *Tepper*, 898 F.3d at 366)); *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 183–86 (D.N.J. 2012) (holding Capital One was not a "debt collector" because it was the original creditor of plaintiff's debt, and the law firm retained to collect it — not Capital One — was the debt collector); *Pagan v. United Recovery Sys., L.P.*, 2012 WL 42940, at *2 (D.N.J. Jan. 6, 2012) (dismissing an FDCPA claim against Capital One because it was not a debt collector).

Plaintiff resists this conclusion, arguing that "FDCPA coverage is determined by the nature of a party's conduct, not the label it applies to itself[,]" and that the Third Circuit has "expressly rejected the argument that a party can escape FDCPA

liability merely by labeling its activities as 'servicing' or 'account management.'" [Docket No. 15 at 14 (citing *Barbato v. Greystone All., LLC*, 916 F.3d 260, 266–67 (3d Cir. 2019)).] On this basis, Plaintiff contends that whether Capital One "qualif[ies] as a 'debt collector'" is "a question [] of fact and mixed law/fact that [is] inappropriate for resolution on a motion to dismiss." [*Id.* at 15.] Plaintiff points to allegations that Capital One "engaged in collection activity" on an account she believed to be paid or settled, "used collection-oriented communications and language consistent with debt collection activity," "sold and transferred the alleged debt despite [her] representations of satisfaction," and "continued to handle and report the account after the alleged charge-off." [*Id.* at 14–15.]

Plaintiff's reliance on *Barbato* is misplaced. *Barbato* held that a debt buyer may qualify as a debt collector when its principal purpose is the collection of debts it acquired, even if it owns those debts and outsources direct collection activity. 916 F.3d at 266–67. Plaintiff, by contrast, identifies the account as a Capital One account and alleges that Capital One furnished information concerning the account, sent settlement and collection-related communications, and later sold the account. [Compl. at 4–6; 9–11.] The Complaint does not allege facts bringing Capital One within the principal purpose theory addressed in *Barbato*.

Even accepting Plaintiff's allegations that Capital One continued collection and reporting activity after the account was allegedly satisfied, used collection-oriented or "Mini-Miranda" language, and later sold the account, those allegations do not plausibly establish that Capital One's principal purpose is debt collection or

that it regularly collects or attempts to collect debts owed to another. [Docket No. 15 at 14–15.; Compl. at 9–11] *see* 15 U.S.C. § 1692a(6).

Accordingly, Count VI is dismissed without prejudice.

### C. <u>Worden's Motion</u>

Worden styles its filing as a motion to join Capital One's Motion to Dismiss as to Count V. [Docket No. 21.] Because Worden is already a Defendant in this action, the Court construes the filing as Worden's request to join those arguments in Capital One's Rule 12(b)(6) motion that apply to Count V, and independently, as a motion to dismiss Count V as against Worden. The Court therefore considers Worden's arguments on their merits as they apply to the NJCFA claim asserted against Worden in Count V.

Worden does not join Capital One's FCRA preemption argument. Instead, Worden argues that Plaintiff has not alleged unlawful conduct as required by the NJCFA, and that Plaintiff's allegations do not satisfy Rule 9(b)'s particularity requirement. [Docket No. 21-1 at 1–2.] Worden additionally argues that the alleged services fall within the learned-professional exception to the NJCFA. [*Id.* at 2–3.]

As stated above, to state a NJCFA claim, a plaintiff must establish three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. *Ciser*, 596 F. App'x at 160 (citing *Zaman*, 98 A.3d at 516). Where the NJCFA claim rests on alleged deception, misrepresentation, concealment, or

omission, Rule 9(b) requires the plaintiff to plead the circumstances of the alleged fraud with particularity. Fed. R. Civ. P. 9(b); *Dewey,* 558 F.Supp.2d at 526.

Plaintiff alleges that Worden represented that it would negotiate or resolve the Capital One debt, failed to disburse settlement funds, represented that the account was resolved, and failed to ensure that the account was accurately reflected as paid or settled. [Compl. at 5, 9–10.] Plaintiff further alleges that Worden's representations and conduct led her to believe that the debt had been settled. [*Id.*] Accepting these allegations as true, the Complaint identifies the general subject of Plaintiff's alleged NJCFA theory, but it does not identify with particularity the specific false representation or material omission by Worden that was deceptive when made.

In particular, the Complaint does not identify the date of any particular representation by Worden; the individual at Worden who made it; the precise content of the alleged representation; the amount and terms of the purported settlement; what Plaintiff paid; or what Worden allegedly received, retained, or failed to transmit. Nor does the Complaint allege facts supporting an inference that Worden knew any particular representation was false when made. To the extent Plaintiff relies on concealment or omission, the Complaint does not identify a particular material fact Worden withheld or a duty to disclose those facts. The allegation that the account was later charged off or sold does not alone establish that an earlier representation by Worden was false or deceptive when made.

Worden also invokes the learned-professional exception. [Docket No. 21-1 at 2–3.] Because Count V otherwise fails to plead unlawful conduct, the Court

dismisses the claim on those grounds without deciding whether the learned-professional exception independently bars the claim.

Accordingly, Worden's Motion for Joinder [Docket No. 21] is granted to the extent it seeks dismissal of Count V against Worden. The dismissal is without prejudice.

## V. CONCLUSION

Therefore, it is, on this **28th** day of **September 2026**,

**ORDERED** that Defendants' Motions to Vacate Entry of Default [Docket Nos. 9, 13] are hereby **GRANTED**; and it is further

**ORDERED** that the entries of default entered against Worden and Capital One by the Clerk of the Superior Court of New Jersey on December 17, 2025, are **VACATED**; and it is further

**ORDERED** that Counts III, V, and VI are **DISMISSED WITHOUT PREJUDICE** as to Capital One; and it is finally

**ORDERED** that Count V is **DISMISSED WITHOUT PREJUDICE** as to Worden.

**/s/ Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

DATED: September 28, 2026